UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE OF FLORIDA,

       Plaintiff,

v.                                            Case No.:  2:20-cv-271-FtM-38MRM

SAMMY L KING,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

Sammy Lee King, a defendant in a criminal action pending in the Twentieth Judicial Circuit Court Lee County Florida (case no. 19-019084-CF), filed a document titled "Notice of Removal of a Criminal Prosecution." (Doc. 1). In the Notice, King states he was arrested on December 10, 2019. (Id. at 1). Kings claims the state failed to establish probable cause within twenty-four hours of his arrest, failed to timely fingerprint him, failed to arraign him for five days in violation of his Fifth Amendment Due Process rights, and denied him his right to a speedy trial under the Sixth Amendment. (*Id.* at 1-2). The Notice attaches copies of King's booking sheet on unrelated charges, First Appearance Court Order, Rule 3.992(a) Criminal Punishment Code Scoresheet, Notice to the Clerk, and King's correspondence to Judge Porter. (Doc. 1 at 3-11). To the extent discernable, King challenges his December 10, 2019 arrest for petit theft and criminal mischief on the basis

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

he was in jail since December 3, 2019 for loitering, trespass and possession of drug equipment.

Because the Court finds from the face of the Notice that King has not demonstrated his case meets the substantive or procedural criteria for removal of his state criminal case under any statute permitting removal of a criminal prosecution to federal court, the Court summarily remands this case back to the state court under 28 U.S.C. § 1455(b)(4). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (stating the court has an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court also finds the Notice to be untimely. 28 U.S.C. § 1455(b)(1).

King asserts no authority for removal of his state criminal prosecution. Liberally construed, King alleges the state has violated his constitutional rights under the Due Process Clause and Sixth Amendment. Federal question jurisdiction, however, only applies to civil actions. *See* 28 U.S.C. §§ 1331, 1441.

In limited circumstances, a criminal state court prosecution can be removed to federal court. *See* 28 U.S.C. §§ 1442 and 1443. King does not allege, and the Court finds no factual basis to conclude, that King is a federal or state officer or member of the armed forces. § 1442(a), (b). Nor does King fall with the narrow purview of § 1443, which permits removal by a defendant "who is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights" of such persons. 28 U.S.C. § 1443(1). King alleges only Due Process and Sixth Amendment violations. There is no basis for removal under § 1443(1) where a party seeks removal for violating his

2

constitutional rights couched in terms of general constitutional rights applicable to all citizens, rather than provisions couched in the specific language of racial equality. *Georgia v. Rachel,* 384 U.S. 780, 792 (1966) (stating "broad contentions . . . under [various amendments] and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443"); *see also State v. Weber*, 665 F. App'x 848, 851-52 (11th Cir. 2016).  King must allege and demonstrate that his claimed rights arise under a provision of the Constitution or federal law specifically designed to promote racial equality and must also specifically allege he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection.  King identifies no provision of Florida state or constitutional law that would preclude the protection of his equal rights guaranteed by the United States Constitution, nor does he demonstrate that the Florida courts would not provide him the full protections of the law.  Because King acknowledges he was arrested on December 10, 2020 and arraigned five (5) days later, the Court further finds the notice of removal untimely. 28 U.S.C. § 1455(b)(1) (requiring notice of removal to be filed not later than 30 days after arraignment).

Accordingly, it is now

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida under 28 U.S.C. §§ 1455(b)(4) and 1447(c).

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of April 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:  All Parties of Record